IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AF HOLDINGS, LLC,

     Plaintiff,          No. 2:12-cv-1968-LKK-EFB

     vs.

JOHN DOE,

     Defendant.          ORDER
                                        /

Presently before the court is plaintiff's ex parte application for leave to serve a third party subpoena prior to the Rule 26 conference. Dckt. No. 6. For the reasons stated herein, the request will be granted.

I.     BACKGROUND

Plaintiff, a producer of adult entertainment content, has filed this action against defendant John Doe, alleging claims for copyright infringement, contributory infringement, and negligence. *See generally* Compl., Dckt. No. 1. Plaintiff's complaint alleges that John Doe "knowingly and illegally reproduced and distributed Plaintiff's copyrighted [adult entertainment video entitled "Popular Demand"] by acting in concert with others via the BitTorrent file sharing protocol and, upon information and belief, continues to do the same." *Id*. ¶ 1. Plaintiff alleges that "Defendant's actual name is unknown to Plaintiff" and instead "is known to Plaintiff only by an

1

Internet Protocol address ('IP address'), which is a number assigned to devices, such as computers, connected to the Internet." *Id*. ¶ 4. According to plaintiff, "[i]n the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring over IP address 174.134.202.20 via the BitTorrent file transfer protocol." *Id.* Plaintiff contends that it "cannot ascertain Defendant's actual identity without limited expedited discovery." *Id*.

II. DISCUSSION

On August 3, 2012, plaintiff filed an ex parte application for leave to take expedited discovery prior to the Rule 26 conference in order to obtain defendant John Doe's identity. Dckt. No. 6; *see also* Hansmeier Decl., Dckt. No. 6-1. Specifically, plaintiff seeks to issue a subpoena to Bright House Networks, the third party internet service provider ("ISP") that provided internet access to John Doe. Dckt. No. 6 at 2; Hansmeier Decl. ¶¶ 24, 28. Plaintiff contends that it has gathered evidence of infringing activities, *id.* ¶¶ 16-27, and that when presented with the IP address at issue and the date and time of infringing activity, Bright House Networks should be able to identify the name and address of its subscriber, John Doe, because "[a]n ISP generally records the times and dates that it assigns each IP address to a subscriber and maintains for a period of time a record of such an assignment to a subscriber in logs maintained by the ISP." *Id*. ¶ 22. However, plaintiff argues that "ISPs typically keep log files of subscriber activities for only limited periods of time—sometimes for as little as months or even weeks—before erasing the data." Dckt. No. 6 at 2 (citing Hansmeier Decl. ¶¶ 22, 28-29).

Plaintiff contends that its request for expedited discovery should be granted because plaintiff's need for limited early discovery outweighs any prejudice to defendant, and that ex parte relief is proper since there is no known defendant with whom to confer and plaintiff's discovery request is directed at a third party. Dckt. No. 6 at 2. Specifically, plaintiff contends that without knowing defendant's identity, plaintiff "cannot name anyone in the complaint or serve them with process." *Id.* at 4. Plaintiff also argues that the ISP subscriber information "is

on the verge of permanent destruction," and that when that information is destroyed, "Plaintiff will have no ability to identify John Doe, and thus will be unable to prosecute its copyright infringement claims." *Id*. at 4, 5. Plaintiff also argues that the need for limited early discovery outweighs any prejudice to defendant since the request is limited in scope (plaintiff only seeks basic identifying information), defendant has a minimal expectation of privacy in his basic subscriber information, and the First Amendment is not a shield for copyright infringement. *Id.* at 6-10. Finally, plaintiff contends ex parte relief is proper since there is no known defendant with whom to confer. *Id.* at 10.

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, because plaintiff does not know the identity of defendant John Doe, the parties have not yet met and conferred under Rule 26(f). Therefore, plaintiff requests that the court authorize expedited discovery.

Courts in the Ninth Circuit apply a "good cause" test in deciding whether to permit expedited discovery before the Rule 26(f) conference.[1] *Semitool, Inc. v. Tokyo Electron Am., Inc*., 208 F.R.D. 273, 275 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *In re Countrywide Financial Corp. Derivative Litig*., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008); *Matson & Isom Technology Consulting v. Dell Inc*., 2008 WL 3863447 (E.D. Cal. Aug. 19, 2008); *Qwest Commc'ns Int'l, Inc*., 213 F.R.D. 418, 419 (D. Colo. 2003) (The "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery

---

[1] "Courts are split as to whether a party seeking expedited discovery must satisfy a 'good cause' or 'reasonableness' standard or the more stringent standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which largely tracks the standard required for obtaining a preliminary injunction." *See Special Situations Cayman Fund, L.P. v. Dot Com Entm't Grp., Inc*., 2003 WL 23350128, at *1 n.7 (W.D.N.Y. Dec. 5, 2003) (detailing the split). However, courts in the Ninth Circuit have traditionally applied the "good cause" standard.

procedures."). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179 (quoting *Semitool, Inc.*, 208 F.R.D. at 276). The court must make this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *Am. Legalnet, Inc.*, 673 F. Supp.2d at 1067.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. *Semitool, Inc.*, 208 F.R.D. at 276; *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). Recently, several courts have found good cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions. *See, e.g., Arista Records LLC v. Does 1-43*, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007); *SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011) (authorizing expedited discovery as to one of the doe defendants and dismissing the remaining doe defendants); *Hard Drive Prods., Inc. v. Does 1-130*, 2011 WL 5573960 (N.D. Cal. Nov. 16, 2011) (same); *AF Holdings LLC v. Does 1-97*, 2011 WL 2912909 (N.D. Cal. July 20, 2011) (same); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 2690142 (N.D. Cal. July 8, 2011) (same); *AF Holdings LLC v. Does 1-96*, 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011) (authorizing expedited discovery as to the 96 doe defendants); *Berlin Media Art E.K. v. Does 1-146*, 2011 WL 4056167 (E.D. Cal. Sept. 12, 2011) (authorizing expedited discovery as to the 146 doe defendants); *but see Hard Drive Prods., Inc. v. Doe*, 2012 WL 90412 (E.D. Cal. Jan. 11, 2012) (denying request for expedited discovery where plaintiff sought to depose an individual that plaintiff was able to identify); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011) (denying request for expedited discovery).

////

For example, in *Arista Records LLC*, the plaintiffs alleged that unidentified defendants had used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission. *Arista Records LLC*, 2007 WL 4538697, at *1. Because the plaintiffs were only able to identify each defendant by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party ISP to identify the Doe defendants' true identities. *Id*. The court found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward. *Id*. The court further noted that, without such discovery, plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted works from infringement. *Id.*

Other courts have specifically noted that "[i]n this particular context, the court must balance 'the need to provide injured parties with an [sic] forum in which they may seek redress for grievances' against 'the legitimate and valuable right to participate in online forums anonymously or pseudonymously . . . without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity.'" *Hard Drive Prods., Inc*., 2011 WL 5573960, at *1 (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)).

Here, plaintiff has demonstrated good cause to conduct the expedited discovery requested. Since John Doe is the only defendant asserted in the complaint, plaintiff cannot proceed with this lawsuit without obtaining John Doe's identity. *UMG Recordings, Inc. v. Does 1-4*, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006). Additionally, as plaintiff contends in its application, there is a high risk that the ISP used by John Doe may destroy the information plaintiff seeks and thereby preclude plaintiff from discovering John Doe's true identity. *Id*.

Further, copyright infringement claims "necessarily involve[ ] irreparable harm to Plaintiff [ ], as a copyright holder is presumed to suffer irreparable harm as a matter of law" when the ambit of its copyright is invaded. *Id.* Accordingly, plaintiff's request to subpoena Bright House Networks to obtain limited information needed to identify defendant John Doe (name, addresses, telephone numbers, and email addresses) will be granted.

III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for leave to take expedited discovery, Dckt. No. 6, is granted.

2. Plaintiff may immediately serve a Rule 45 subpoena on Bright House Networks to obtain the following information about defendant John Doe (based on the IP address listed for him in the complaint – 174.134.202.20): name, address, telephone number, and email address. A copy of this order shall be attached to the subpoena.

3. Bright House Networks will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served upon it to serve John Doe with a copy of the subpoena and a copy of this order. Bright House Networks may serve John Doe using any reasonable means, including written notice sent to Doe's last known address, transmitted either by first-class mail or via overnight service. Bright House Networks and John Doe each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30-day period lapses without John Doe or Bright House Networks contesting the subpoena, Bright House Networks shall have 14 days to produce to plaintiff the information responsive to the subpoena with respect to John Doe.

4. Bright House Networks shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. If Bright House Networks elects to charge for the costs of production, Bright House Networks shall provide plaintiff with a billing summary and cost reports.

1    5. Bright House Networks shall preserve all subpoenaed information pending Bright
2 House Networks's delivery of such information to plaintiff or the final resolution of a timely
3 filed and granted motion to quash the subpoena with respect to such information.
4    6. Any information disclosed to plaintiff in response to the subpoena may not be used for
5 any improper purpose and may only be used for protecting its rights as set forth in the complaint.
6    SO ORDERED.
7 DATED:  August 23, 2012.

  *[signature]*
  EDMUND F. BRENNAN
  UNITED STATES MAGISTRATE JUDGE